UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. D. BITER, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00380-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Elvis Venable is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed March 18, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
3  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally
4  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
5  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

6        While persons proceeding pro se are still entitled to have their pleadings liberally construed
7  and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v.
8  Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's
9  claims must be facially plausible, which requires sufficient factual detail to allow the Court to
10 reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at
11 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a
12 defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a
13 defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss,
14 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

17       Plaintiff is housed at Kern Valley State Prison (KVSP), where the events at issue in this action
18 took place.  Plaintiff names M.D. Biter (Warden of KVSP), Ishmael Patel (Primary Care Provider at
19 KVSP), J. Lewis (Deputy Director of California Adult Prisons), L.A. Dileo (supervisory medical
20 doctor at KVSP), and C.K. Chen, (Primary Care Provider at KVSP), and T. Kubicki (CEO at KVSP),
21 as Defendants.

22       Plaintiff was shot in the foot and diagnosed to have suffered nerve damage.  To help manage
23 the pain, Plaintiff was given (1) a wedge pillow (for cervical vertebral support and pain relief) while in
24 the resting position and pain relief while sleeping; (2) an egg-crate mattress for the negative effects of
25 direct contact between patient, and any hard surface (prison mattress and ground), as prescribed for
26 pain relief and pain management; and (3) a cervical pillow, interchangeable in its positioning, to allow
27 proper vertebral alinement and the resulting relief of pain.
28

After Plaintiff's transfer to KVSP, he filed an appeal to obtain pain management appliances that were abruptly halted despite the fact they were helping him manage his pain level. Plaintiff's medical condition has not changed or improved from the conditions that lead to approval of such medical appliances. The Defendants have all, at various levels, been made aware of Plaintiff's situation, yet have not given him the appliances.

As relief, Plaintiff seeks injunctive relief in the form of an order directing the prompt return of all the appliances that were taken and compensatory and punitive damages.

## III.

## DISCUSSION

### A.   Linkage Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

In his complaint, Plaintiff fails to link any of the named Defendants to an act or omission giving rise to his alleged constitutional violation. The mere reference to "Defendants" is insufficient to set forth individual liability under section 1983. In order to provide the necessary linkage under section 1983, Plaintiff must set forth specific factual allegations as to how each of the Defendants' personally violated Plaintiff's constitutional rights.

### B.   Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to

3

an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

      Here, Plaintiff merely indicates that he was previously shot in the foot and suffers nerve damage.  However, Plaintiff's complaint is devoid of any facts describing the extent nature and extent of his injuries, when the injury occurred, the nature of his present physical condition, or how the denial of his medical appliances have affected his daily activities, "result[ed[ in further significant injury," or caused an "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

      Furthermore, even if Plaintiff had alleged a medical need that was sufficiently objectively serious, Plaintiff has failed to demonstrate that any of the individuals named as Defendants were "deliberately indifferent" to his needs.  McGuckin, 974 F.2d at 1060.  In the instant complaint, Plaintiff alleges only that upon his transfer to KVSP, his medical appliances that were previously provided to him were confiscated and his complaint regarding the need for such appliances was not granted.  Plaintiff fails to set forth sufficient factual circumstances from which the Court could plausibly infer that any named Defendant deliberately chose to disregard a substantial or obvious risk to Plaintiff's health or safety.  Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.

///

### C. Supervisory Liability

To the extent Plaintiff seeks to impose liability based on an individual's supervisory position within the prison, Plaintiff is advised that liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 18, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 30, 2016**

UNITED STATES MAGISTRATE JUDGE