UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>              Plaintiff,<br><br>     v.<br><br>M. D. BITER, et al.,<br><br>              Defendants. | Case No.: 1:16-cv-00380-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 6] |

Plaintiff Elvis Venable is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States magistrate judge jurisdiction on April 1, 2016, and this action was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On March 30, 2016, the Court screened and dismissed Plaintiff's complaint, with leave to amend, for failure to state a cognizable claim for relief. (ECF NO. 6.) Plaintiff was warned that if he failed to comply, this action would be dismissed for failure to state a cognizable claim for relief. (Id.) On April 27, 2016, Plaintiff received a thirty day extension of time to submit an amended complaint. More than thirty days has expired and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to comply with a court order and failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 7, 2016**

UNITED STATES MAGISTRATE JUDGE