UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>            Plaintiff,<br><br>      v.<br><br>M. D. BITER, et al.,<br><br>            Defendants. | Case No. 1:16-cv-00380-AWI-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 14] |

Plaintiff Elvis Venable is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff declined United States magistrate judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed July 18, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is housed at Kern Valley State Prison (KVSP), where the events at issue in this action took place. Plaintiff names M.D. Biter (Warden of KVSP), Ishmael Patel (Primary Care Provider at KVSP), J. Lewis (Deputy Director of California Adult Prisons), L.A. Dileo (supervisory medical doctor at KVSP), and C.K. Chen, (Primary Care Provider at KVSP), and T. Kubicki (CEO at KVSP), as Defendants.

Plaintiff was shot in the foot and diagnosed to have suffered nerve damage. In 2009, Dr. E. Estock, assessed Plaintiff as suffering from "chronic left lower extremity pain and weakness status post gunshot wound with tibial and peroneal neuropathy." To help manage the pain, Plaintiff was given: (1) a brace for his knee; (2) orthopedic shoes; (3) special garments to wrap around the knee for support; (4) a wedge pillow (for cervical vertebral support and pain relief) while in the resting position

2

and pain relief while sleeping; and (5) a cervical pillow, interchangeable in its positioning, to allow proper vertebral alinement and the resulting relief of pain.

On July 17, 2013, after Plaintiff's arrived at KVSP, there was an initial assessment given by Defendant Dr. Patel.  However, the officer that was posted as security said to Dr. Patel, "[h]e looks ok to me, these inmates fake their pain all-the-time…I even saw on inmate act like he needed a wheelchair, until a riot started, then 'all-of-a-sudden', he didn't need it."  It is Plaintiff's belief that Dr. Patel rescinded the medical equipment/supplies to avoid a toxic work environment and the decision by Dr. Patel was not based on any lack of medical need by the Plaintiff.

Defendants T. Kubicki, Chief Executive Officer at KVSP, K. Chen, and L.A. Dileo failed to act to prevent further needless suffering of pain by Plaintiff by denying his inmate appeal.

J. Lewis, Deputy Director of California adult prisons, and M.D. Biter, Warden at KVSP failed in their supervisory roles to relieve Plaintiff of the needless pain and suffering.

### III.

### DISCUSSION

#### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Although Plaintiff contends that upon his arrival at KVSP, a correctional officer told Dr. Patel that Plaintiff looked fine and inmates fake injuries all the time, there are no facts from which it can reasonably be inferred that Dr. Patel shared the state of mind as reflected by the correctional officer. In addition, the mere fact that certain individuals denied Plaintiff's appeal of the rescission of his medical equipment, does not, alone, demonstrate deliberate indifference to a serious medical need. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference against any of the named Defendants.

### B.     Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against J. Lewis and M.D. Biter. The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

### C.     Demand for Relief

Rule 8 of the Federal Rules of Civil Procedure specifically states that a claim for relief must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

In his handwritten complaint, Plaintiff fails to seek relief for the claims presented therein. Thus, in any amended complaint that may be filed, Plaintiff must comply with Rule 8(a)(3).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed July 18, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5

    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**August 11, 2016**__

                        UNITED STATES MAGISTRATE JUDGE