1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

11   ELVIS VENABLE,                           )   Case No.: 1:16-cv-00380-AWI-SAB (PC)
                                              )
12                Plaintiff,                   )
                                              )   **FINDINGS AND RECOMMENDATIONS**
13        v.                                   )   **RECOMMENDING DISMISSAL OF SECOND**
                                              )   **AMENDED COMPLAINT, WITH PREJUDICE,**
14   M. D. BITER, et al.,                      )   **FOR FAILURE TO STATE A COGNIZABLE**
                                              )   **CLAIM FOR RELIEF**
15                Defendants.                  )
                                              )   [ECF No. 17]
16   _____  )

17        Plaintiff Elvis Venable is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18   1983.  Plaintiff declined United States magistrate judge jurisdiction; therefore, this action was referred

19   to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

20        Currently before the Court is Plaintiff's second amended complaint, filed August 30, 2016.

21                                            **I.**

22                            **PROCEDURAL BACKGROUND**

23        Plaintiff filed the instant action on March 18, 2016.  On March 30, 2016, the Court dismissed

24   Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  On July 18,

25   2014, Plaintiff filed an amended complaint.  On August 12, 2016, the Court dismissed Plaintiff's

26   amended complaint, with leave to amend, for failure to state a claim.  On August 30, 2016, Plaintiff

27   filed the instant second amended complaint.

28   ///

                                              1

## II.

## SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## ALLEGATIONS OF SECOND AMENDED COMPLAINT

The events at issue in the second amended complaint took place at Kern Valley State Prison (KVSP) and Plaintiff names Warden M.D. Biter, Primary Care Physician Ishmeal Patel, Deputy Director J. Lewis, Doctor L.A. Dileo, Doctor C.K. Chen, and T. Kubicki, as Defendants.

After Plaintiff's transfer to KVSP, his CDCR 7410 accommodation chronic was cancelled by Dr. Patel.  Plaintiff filed an appeal to obtain the pain management appliance that was confiscated.  The medical condition that led to the issuance of the accommodation chrono has not changed or improved, and the medical appliance was cancelled without explanation.

Correctional health care services is responsible for maintaining the medical care, including pain management.  Dr. Patel was negligent by cancelling Plaintiff's accommodation chrono for no specific reason.  Plaintiff's orthopedic shoes were confiscated and he was forced to wear state issued shoes causing him severe pain.  Plaintiff's wedge and cervical pillow and knee braces were also confiscated causing him "a great deal of pain."

J. Lewis, Dr. Dileo, and Dr. Chen were negligent for failing to correct the situation by way of Plaintiff's inmate appeal.

Plaintiff requests injunctive relief as well as compensatory and punitive damages as relief.

### IV.

### DISCUSSION

**A.    Deliberate Indifference to Medical Need**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807,

3

812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The events described do not give rise to a claim against any Defendant for violation of the Eighth Amendment.  Although Plaintiff contends that his medical chrono was rescinded upon his transfer to KVSP, Plaintiff acknowledges that his inmate appeal was partially granted at the first level of review and he was examined by an orthopedic surgeon.  (ECF No. 17, Sec. Am. Compl. at 2.) Plaintiff's allegations do not support a claim that any Defendant knowingly disregarded a substantial risk of harm to Plaintiff's health or safety, and mere negligence does not suffice under the Eighth Amendment.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1081-82 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  In addition, Plaintiff's disagreement with a medical determination is not sufficient to give rise to a claim under the Eighth Amendment for deliberate indifference.  Snow v. McDaniel, 681 F.3d at 987 (A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference.") (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other

grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014).  Accordingly, Plaintiff fails to state a cognizable claim for relief.

## V.

## RECOMMENDATIONS

Plaintiff's second amended complaint fails to state a claim for violation of the Eighth Amendment.  Plaintiff was previously given leave to amend to cure the deficiencies but he was unable to do so, and based on the nature of the deficiencies, further leave to amend is not warranted.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED, with prejudice, for failure to state a claim under section 1983; and

2. The Clerk's Office be directed to enter judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 1, 2016**

UNITED STATES MAGISTRATE JUDGE