# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS VENABLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. D. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00380-AWI-SAB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATION, DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND, and STRIKING PLAINTIFF'S PROPOSED THIRD AMENDED COMPLAINT<br><br>[ECF Nos. 18, 21] |

Plaintiff Elvis Venable is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 2, 2016, the Magistrate Judge issued Findings and Recommendations ("F&R") recommending that the Second Amended Complaint ("SAC") be dismissed, with prejudice, for failure to state a cognizable claim for relief.  The F&R was served on Plaintiff and contained notice that objections were to be filed within thirty days.  Although Plaintiff was granted an extension of time in which to file objections, Plaintiff did not do so.

The Court agrees with the F&R that the SAC's allegations of negligence not show an Eighth Amendment violation.  The Court further agrees that the SAC's allegations do not plausibly show deliberate indifference.

However, in lieu of filing objections, Plaintiff submitted without authorization a third amended complaint ("TAC"), which was lodged by the Court on September 19, 2016.  (ECF No. 21.)  The Court has reviewed the TAC pursuant to 28 U.S.C. § 1915A, and finds that it does not state plausible claims.  See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556

1

U.S. 662, 678 (2009) and holding that a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

First, because "vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each [prison official], though the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2008); OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012); Starr v. Baca, 652 F.3d 1202, 1206--07 (9th Cir. 2011). Here, Plaintiff has alleged that Defendant Patel discontinued various medical appliances. The TAC further suggests that Defendants Biter, Lewis, Dileo, and Kubick did not grant Plaintiff's appeals; however, it is not clear precisely what these defendants allegedly did that was improper. There are no allegations against Defendant Chen. In order to allege plausible claims against these defendants, Plaintiff must identify each defendant and allege precisely what that defendant did in relation to the Eighth Amendment violations at issue. See id. Without such allegations, there is not a sufficient "link" between the defendant and the constitutional violation, and therefore, no plausible claim.

Second, as the Magistrate Judge has informed Plaintiff, in order to state an Eighth Amendment claim related to medical care, Plaintiff must allege facts that demonstrate: (1) a serious medical need, of which the failure to treat could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) the defendant's response to the medical need was "deliberately indifferent." Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To allege deliberate indifference, a plaintiff must allege facts that plausibly demonstrate: (1) a purposeful act or failure to respond to the prisoner's pain or serious medical need; and (2) harm caused by the indifference. Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1081 (9th Cir. 2013); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be demonstrated by a prison official's denial, delay, or intentional interference with medical treatment, or in the way in which prison officials provide medical care. Lemire, 726 F.3d at 1081; Jett, 439 F.3d at 1096. However, deliberate indifference is not demonstrated by allegations of negligence or medical malpractice, nor is deliberate indifference demonstrated by a difference of opinion between a physician and a prisoner or between medical professionals concerning the appropriate medical care. See Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016). Here, Plaintiff has alleged that his appliances were taken away from him

without explanation upon his transfer to Kern Valley State Prison (his current prison), his underlying condition has not improved, and he is in pain.  What Plaintiff fails to allege are any facts that demonstrate what treatment, if any, he is receiving for his condition or what treatment or assessment any defendant made following Plaintiff's complaints of pain, medical distress, and confiscation of his appliances.  Without further allegations, the discontinuation by one physician of a particular treatment ordered by second physician is merely a difference of medical opinion, it is not deliberate indifference and thus, not an Eighth Amendment violation.  See Hamby, 821 F.3d at 1092.  Additionally, Plaintiff admits that as part of the resolution of his first level appeal, he was seen by an orthopedic surgeon.  This admission suggests that at least one physician in the appeals process acted on Plaintiff's complaints medical, i.e. did not act with deliberate indifference.

Because the TAC does not state a claim, and because it was filed without authorization, it will be stricken.

In terms of the case as a whole, Plaintiff has been instructed on more than one occasion regarding the factual allegations that are necessary to state a plausible claim.  It is for this reason that the F&R recommends dismissing the case.  Nevertheless, a review of the SAC and the proposed TAC indicate that one more chance to amend may be appropriate.  Plaintiff's allegations hint that he may not be receiving treatment for his chronic medical/physical condition which is resulting in continuous pain.  For this reason, Plaintiff will be granted leave to amend.  If Plaintiff chooses to file an amended complaint, in addition to expressly alleging what each individual defendant did in relation to the Eighth Amendment violations at issue, Plaintiff must allege facts that demonstrate deliberate indifference by that defendant.  Plaintiff should include factual allegations that describe what he communicated to each defendant about his condition, pain, appliances, and current treatment, and what  response and treatment, if any, he received from each of the defendants.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation (Doc. No. 18) is ADOPTED in part and DECLINED in part, as discussed above;

3

2. The proposed Third Amended Complaint (Doc. No. 21) is STRICKEN as unauthorized;

3. The Second Amended Complaint is DISMISSED with leave to amend;

4. Plaintiff may file an amended complaint, consistent with the analysis of this order, as well as the previous screening orders of the Magistrate Judge, within thirty (30) days of service of this order; and

5. The failure of Plaintiff to timely file an amended complaint will result in the withdrawal of leave to amend and the closure of this case without further notice.

IT IS SO ORDERED.

Dated: __November 14, 2016__          _____
                                        SENIOR DISTRICT JUDGE