1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11  ELVIS VENABLE,                          )   Case No.: 1:16-cv-00380-AWI-SAB (PC)
                                            )
12                  Plaintiff,              )
                                            )   **FINDINGS AND RECOMMENDATIONS**
13          v.                              )   **RECOMMENDING DISMISSAL OF ACTION**
                                            )   **FOR FAILURE TO STATE A COGNIZABLE**
14  M. D. BITER, et al.,                    )   **CLAIM FOR RELIEF**
                                            )
15                  Defendants.             )   [ECF No. 25]
                                            )
16  _____ )

17          Plaintiff Elvis Venable is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18  1983.  Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this matter was

19  referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          Currently before the Court is Plaintiff's third amended complaint, filed January 9, 2017.

21                                          **I.**

22                             **PROCEDURAL BACKGROUND**

23          Plaintiff filed the instant action on March 18, 2016.  On March 30, 2016, the Court dismissed

24  Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  On July 18,

25  2014, Plaintiff filed an amended complaint.  On August 12, 2016, the Court dismissed Plaintiff's

26  amended complaint, with leave to amend, for failure to state a claim.  On August 30, 2016, Plaintiff

27  filed the instant second amended complaint.

28  ///

                                            1

On September 2, 2016, the undersigned issued Findings and Recommendations recommending that Plaintiff's second amended complaint be dismissed, with prejudice, for failure to state a cognizable claim for relief.

On November 15, 2016, the Findings and Recommendations were adopted in part, and Plaintiff's second amended complaint was dismissed, with leave to amend.  The November 15, 2016, order granted Plaintiff one more chance to amend because "Plaintiff's allegations hint that he may not be receiving treatment for his chronic medical/physical condition which is resulting in continuous pain."  Plaintiff was specifically advised that in order to demonstrate deliberate indifference he "should include factual allegations that describe what he communicated to each defendant about his condition, pain, appliances, and current treatment, and what response and treatment, if any, he received from each of the defendants."

As previously stated, Plaintiff filed a third amended complaint on January 9, 2017.

## II.

## SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v.

2

Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### ALLEGATIONS OF THIRD AMENDED COMPLAINT

Plaintiff names Dr. Patel as the sole Defendant. In June 11, 2013, Plaintiff arrived at Kern Valley State Prison (KVSP), and requested to see the nurse in order to have his CDCR 7410 medical chrono for medical appliances to be renewed. Plaintiff was seen by Dr. Patel, and Plaintiff explained to him that he was in need of the chrono to obtain new orthopedic shoes/boots and equipment supplies. Dr. Patel advised Plaintiff that KVSP does not renew chronos of that kind without a doctor's order. Plaintiff requested to see a doctor who was qualified to examine Plaintiff's medical issues and renew his medical chrono. Dr. Patel responded that there are no doctors for Plaintiff's medical issues.

Dr. Patel then requested that Plaintiff take off his shoes so he could examine Plaintiff's left foot. Dr. Patel stated that Plaintiff's foot looked like a well-heeled scar, but he ordered x-rays on Plaintiff's neck and back for further evaluation.

Plaintiff returned to see Dr. Patel approximately three weeks later, and Dr. Patel told Plaintiff that arthritis was not on his spin or neck and there was nothing that could be done for Plaintiff other than the pain medication that was previously provided.

On September 17, 2013 through May 13, 2015, Plaintiff submitted several requests to see the nurse for ongoing pain in his back and left foot, and was told that nothing could be done for his pain.

On approximately May 13, 2015, Plaintiff was seen by Dr. Patel who reviewed Plaintiff's medical file and told Plaintiff there was nothing wrong with him if he could do a push up.

On June 10, 2015, Plaintiff filed another inmate appeal that was partially granted at the first level of review in that an appointment with a shoe clinic was pending.

On August 27, 2015, Plaintiff was seen by an orthopedic surgeon and was reissued two shoe chronos and a new pair of orthopedic boots.

Plaintiff requests the Court issue an order giving him back all of the medical appliances or a refund for the items that were confiscated, along with monetary damages.

## IV.

## DISCUSSION

### A.     Deliberate Indifference to Medical Need

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition

could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff has not alleged facts to show that Defendant Patel was deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff's appeal was partially granted at the first level of review by Dr. Patel based, in pertinent part, on the following:

> You were interviewed November 14, 2013, by I. Patel, Physician and Surgeon, regarding your appeal.  You were afforded the opportunity to further explain your medical concerns and to provide any supporting documents.
>
> Your Electronic Unit Health Record (eUHR) was reviewed for the first level response.  A review of your appeal and related documents has been completed.  You were seen and examined on November 14, 2013, by your Primary Care Provider (PCP).  You were also seen previously on June 20, 2013, July 23, 2013, and August 15, 2013, by the PCP for same request as above.  Based on your recent physical examination, history of examinations, recent x-rays, and review of your eUHR your request for a neurologist referral, to be seen by an orthopedic, to receive another wedge pillow or an egg crate mattress, and another cervical pillow, another pair of special walking shoes/boots, and to have your CDC 7410 form renewed have all been denied and are not indicated at this time.  Ibuprofen and Oxcarbazepine were previously described to you for pain.  You have received continued medical care deemed medically necessary by your PCP.  Decisions made by your PCP concerning your care were based upon their best judgment in accordance with all applicable policies and procedures.  Your request to have your severe pain treated to the best of CDC's abilities is granted.

(ECF No. 25, 3d Amd. Compl. at Ex. B.)

Dr. Patel's determination was approved by way of inmate appeal at the second level of review by Dr. M. Spaeth, as follows:

> You were dissatisfied with the response to your appeal at the first level and elevated it to the Second Level of Review  M. Spaeth, CP&S, was assigned to investigate your appeal at the second level of review.  In your statement of dissatisfaction you state that you are dissatisfied because you state your medical needs have not been taken care of.  You again request medical supplies and medicine to treat and or lessen the severe pain that you state you are experiencing to the best of CDCR's ability, as well as renewal of your 7410, and to be seen by special doctors/neurologist and orthoptist for your medical issues.  Your medical records were

reviewed in investigation of this response, including the x-ray reports from July 26, 2013, which are not available in your eUHR.   Although you state you were told you have arthritis, the official report does not list arthritis as a diagnosis.

Your requests include egg crate mattress or wedge pillow, cervical pillow, special shoes or boots, in addition to those listed above.

You have been given pain medication appropriate for your condition, therefore your request for pain treatment to the best of the CDCR ability is once again granted.

Your requests for specialty referral to a neurologist and orthopedist are not medically necessary and are once again denied.   Your requests for cervical pillow, egg crate mattress or wedge pillow, special boots or shoes are not medically necessary and are once again denied. Your request to have your 7410 updated is granted as your 7410 has been updated to reflect the removal of unneeded accommodations as of December 16, 2013.

(Id.)

Plaintiff has not alleged facts to show that Defendant Patel was deliberately indifferent to Plaintiff's serious medical needs.  Although Plaintiff contends that his medical chrono was rescinded upon his transfer to KVSP, the record demonstrates that Dr. Patel did not deny Plaintiff treatment. Instead, Dr. Patel examined Plaintiff, ordered x-rays, reviewed the x-rays, reviewed Plaintiff's entire medical file, and determined that an accommodation chrono was not medically necessary at that time. Dr. Patel further noted that Plaintiff was prescribed Ibuprofen and Oxcarbazepine to treat his complaints of pain.  Plaintiff's disagreement with Dr. Patel's medical determination is not sufficient to give rise to a claim under the Eighth Amendment for deliberate indifference.   Snow v. McDaniel, 681 F.3d at 987 (A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference.") (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014).  Plaintiff's allegations therefore do not support a claim that Defendant Dr. Patel knowingly disregarded a substantial risk of harm to Plaintiff's medical condition, and mere negligence does not suffice under the Eighth Amendment. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1081-82 (9th Cir. 2013); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  Furthermore, although Plaintiff subsequently received orthopedic shoes by a different doctor,

6

the fact that Defendant Dr. Patel, in his medical opinion, did not believe Plaintiff's medical condition warranted such accommodation, does not rise to the level of deliberate indifference.  See Toguchi v. Chung, 391 F.3d 1051, 1059-60 (2004) ("Dr. Tackett's contrary view was a difference of medical opinion, which cannot support a claim of deliberate indifference."); Sanchez, 891 F.2d at 242 (difference of opinion between medical personnel regarding the need for surgery does not amount to deliberate indifference to a prisoner's serious medical needs).  Accordingly, Plaintiff fails to state a cognizable claim for relief, and the third amended complaint should be dismissed, with prejudice, for failure to state a cognizable claim for relief.

## V.

## RECOMMENDATIONS

Plaintiff's third amended complaint fails to state a claim for violation of the Eighth Amendment.  Based upon the allegations in Plaintiff's original, first amended complaint, second amended complaint, and third amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts to demonstrate that Defendant Dr. Patel was deliberately indifferent to his serious medical needs, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1.     This action be DISMISSED, with prejudice, for failure to state a claim under section 1983; and

2.     The Clerk's Office be directed to enter judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

7

result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)

(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **March 3, 2017**

UNITED STATES MAGISTRATE JUDGE